# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL HARRISON, | ) |
| Petitioner | ) ) ) |
| v. | ) No. 3:08-CV-589 |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Daniel Harrison, a prisoner confined at the Indiana State Prison ("ISP"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a loss of earned credit time in a disciplinary hearing. On September 15, 2008, a prison disciplinary hearing board ("DHB") found the petitioner guilty of

possession of a weapon that was found during a search of his cell. The DHB sentenced the petitioner to one year in disciplinary segregation and took three months of earned credit time away from him. Harrison appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Harrison asserts that Indiana Department of Correction Policy requires the facility head to respond to an appeal within thirty days. He asserts that the facility head violated his due process rights by not rendering a decision on his appeal for forty-three days. In ground four of his

petition, he reiterates his claim that the appeal was not dealt with within thirty days and asserts that the finding of guilt prevented him from pursuing his G.E.D. and obtaining an educational "time cut."

Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997). Accordingly, that the ISP Superintendent may have taken longer than thirty days to deal with the petitioner's administrative appeal states no claim upon which habeas corpus relief can be granted. That the finding of guilt and placement in disciplinary segregation may have prevented Harrison from taking G.E.D. classes also states no claim upon which relief can be granted under § 2254.

The Petitioner concedes that correctional officers found a knife behind a cabinet in his cell. In grounds two and three of his petition, Harrison asserts that the DHB violated the Eighth and

3

Fourteenth Amendments to the United States Constitution by finding him guilty even though he testified that he could not move the cabinet in his cell.

In its collateral review of prison disciplinary proceedings under § 2254, this Court must examine the record for alleged Constitutional errors. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988). *cert. denied*, 489 U.S. 1088 (1989). This court does not, however, sit as a trier *de novo* in prison disciplinary proceedings or as a court of common law review, *Cain v. Lane*, 857 F.2d 1139, 1140 (7th Cir. 1984). The DHB could have credited Harrison's statement at the hearing that he could not move the cabinet, and found him not guilty. But instead the DHB accepted the version of events contained in conduct report and chose to credit the officers' version that they were able to move the cabinet and find the knife. In doing so, the DHB determined that the cabinet was not immovable. Federal Courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweighing the evidence. *Superintendent v. Hill,* 472 U.S. at 455-56. The statement in the conduct report that the officers found a knife in Harrison's cell constitutes "some evidence" to support the decision of the prison disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455; *see also Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (holding that an inmate constructively possessed a weapon found in his cell

that he shared with three other inmates).

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: July 13, 2009**         /S/RUDY LOZANO, Judge
                                 **United States District Court**